Per Curiam
The district attorney is seeking review by appeal rather than by certiorari of the district court’s reversal of the defendant’s conviction in county court. For the reasons stated below, we dismiss the appeal.
*547 The defendant was convicted in county court of “Driving While Ability Impaired.” An appeal was taken to the district court, which reversed the defendant’s conviction on the ground that he was not afforded a speedy trial as required by section 18-1-405, C.R.S. 1973 (now in 1978 Repl. Vol. 8) and Crim. P. 48. The district attorney appeals this reversal under the apparent authority of section 16-12-102, C.R.S. 1973 (now in 1978 Repl. Vol. 8). This statute provides that “The prosecution may appeal any decision of the trial court in a criminal case upon any question of law.” (Emphasis added.)
The district court is a court of dual jurisdiction, sitting both as a trial court and an appellate court. Colo. Const., Art. VI, Sec. 9; section 13-6-310, C.R.S. 1973. In the case before us, the district court was clearly sitting in its appellate capacity.
The only mechanism for review of a district court’s determination on appeal from the county court is by certiorari to this court as specified in section 13-6-310(4), C.R.S. 1973, which directs that:
“Further appeal to the supreme court from a determination of the district court or the superior court in a matter appealed to such court from the county court may be made only upon writ of certiorari issued in the discretion of the supreme court. . . .”
The district attorney improperly appealed this case, and therefore the appeal is dismissed.